# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA M. MACK, | Case No. 19-cv-00382-TSH |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I. BACKGROUND

Plaintiff Alicia Mack brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision denying her claim for disability benefits. Pursuant to the January 22, 2019 Social Security Procedural Order issued in this case, Mack was required to file a motion for summary judgment or for remand within 28 days of service of the Commissioner's answer. ECF No. 2. As the Commissioner served her answer on April 29, 2019 (ECF Nos. 12, 15), Mack's motion was originally due May 30, 2019.[1] When Mack failed to file a motion of any kind, the Court ordered her to show cause why the case should not be dismissed for failure to prosecute. ECF No. 16. Mack responded that she inadvertently missed the deadline and "hope[d] that we can settle this matter promptly." ECF No. 17. The Court discharged the show cause order and extended the deadline for Mack to file her motion. ECF No. 18. However, since that time, Mack has filed a procedurally deficient attempt at a motion and three additional requests for extensions of time. ECF Nos. 19, 21, 23, 25. Although the Court granted the extensions and provided guidance as to how Mack should proceed, it also warned her that the most recent extension, ECF

---

[1] Federal Rule of Civil Procedure 6(d) permits an additional three days for service by mail.

1 No. 26, would be the last. Despite this, Mack has not filed a motion by the current November 15,
2 2019 deadline. Based on this procedural history, the Court finds it appropriate to dismiss this case
3 pursuant to Federal Rule of Civil Procedure 41(b).

## II. LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "The Court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## III. DISCUSSION

The first two *Henderson* factors strongly support dismissal. First, "'the public's interest in expeditious resolution of litigation always favors dismissal.'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Second, the Court's need to manage its docket also weighs in favor of dismissal. Mack delayed adjudication of the claims in this case by failing to prosecute, despite five extensions from the Court. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261; *Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,

2

460 F.3d 1217, 1228 (9th Cir. 2006). Moreover, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *Yourish*, 191 F.3d at 991. Here, despite five extensions from the Court and a warning that no further extensions would be permitted, Mack failed to file a motion for summary judgment or remand. Therefore, the Court concludes the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor, that public policy favors disposition of cases on their merits, normally weighs strongly against dismissal. *See Hernandez*, 138 F.3d at 399 ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, although this factor weighs against dismissal, the Court also recognizes that Mack has failed to move this case toward disposition. Further, although "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986), the Court has recognized her pro se status and granted five extensions of time. Accordingly, this factor lends little support to Mack.

Finally, the Court has already attempted less drastic sanctions without success, including issuing a show cause order. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and

giving the plaintiff an additional opportunity to re-plead). Accordingly, the final factor weighs in favor of dismissal.

### IV. CONCLUSION

Based on the analysis above, the Court finds at least four of the five *Henderson* factors weigh in favor of dismissal. Thus, the Court finds Mack failed to prosecute this case and dismissal is appropriate. Typically, dismissal could be without prejudice, which preserves a plaintiff's ability to seek relief. *See Ferdik*, 963 F.2d at 1262. However, this case is a Social Security appeal in which the time to file an appeal has expired (*see* Admin. Record at 1, ECF No. 14), so a dismissal with or without prejudice is effectively the same thing. Accordingly, this case be **DISMISSED WITH PREJUDICE** for failure to prosecute and failure to comply with the Court's deadlines and orders.

**IT IS SO ORDERED.**

Dated: November 22, 2019

THOMAS S. HIXSON
United States Magistrate Judge